## HEIM v. UNIVERSAL PICTURES CO., Inc., et al.

District Court, S. D. New York.

April 28, 1943.

Mackey & Herrlich and Richard J. Mackey, all of New York City, for plaintiff.

Julian T. Abeles, of New York City, for defendants.

JAMES ALGER FEE, District Judge.

This is an action for infringement of copyright of the music of the chorus of plaintiff's Hungarian song entitled "Ma Este Meg Boldog Vagyok", copyrighted in 1935, by the music of the verse of the song "Perhaps", copyrighted in 1941, recorded and performed by Universal Pictures in a motion picture entitled "Nice Girl".

The plaintiff under the decisions in order to recover must prove identity of the compositions and access by the alleged infringer to the prior work.

The court finds there is substantial identity of the indicated phrases of the musical compositions of plaintiff and that produced by Universal Pictures. This is not seriously controverted.

In answer to this proof, defendants showed by the depositions of Aldo Franchetti that he was the writer of the music of "Perhaps", and that he had taken the suggestion of the accused bars from a certain phrase in the "Humoreske" of Dvorak, a work long within the public domain. It is true that when played, even in the same key, the phrases of "Humoreske" appear but slightly reminiscent of either of the two songs in dispute. But this constitutes no refutation of the testimony when it is considered that the sixteen-note phrase of the "Humoreske" is identical in progression with defendants', except that the latter omits the 14th and 15th notes. The bars in each are identical, but as noted above, the harmonies are different, as is the accent.

Franchetti is a composer of some two thousand songs and over one hundred major compositions, including the opera "Namiko-San", for the production of which he was awarded the David Bispham Medal.

There is no lack of ingenuity here, apparently, and this adds credence to be given to his testimony. Reinforcement is obtained from the fact that the note and bar sequence of plaintiff's own phrases are identical with "Humoreske", although the harmony and melody are divergent. The casual occurrence of this phrase in either plaintiff's or defendants' composition is indicated by the fact that it occurs in modified forms in other popular music.

This reasoning is convincing. In any event, moreover, the plaintiff must fail, owing to the entire absence of proof of access. Plaintiff's case upon this point is almost negligible. It is contradictory and untrustworthy.

On the other hand, it is positively shown that plaintiff had never met nor had any

contact with Franchetti, that plaintiff had never been in California, and it was further shown that he had no proof that the piece had ever been performed in California. The work of plaintiff had a very narrow field in the United States. Upon the point of access, plaintiff did not sustain the burden of proof.

The findings are for defendants and against plaintiff. Costs are allowed defendants. Findings and judgment shall enter for defendants.